TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-801 |
| of | : | October 13, 1999 |
| BILL LOCKYER | : | |
| Attorney General | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |

THE HONORABLE SAM AANESTAD, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May a person serve simultaneously as the City Administrator and Fire Chief of the City of Oroville?

CONCLUSION

A person may not serve simultaneously as the City Administrator and Fire Chief of the City of Oroville unless a city charter provision or ordinance is adopted that abrogates the common law prohibition against holding incompatible offices.

ANALYSIS

We are asked to determine whether the common law prohibition against holding incompatible public offices would bar the City Administrator of the City of Oroville ("Oroville") from also serving as the Oroville Fire Chief. We conclude that it would in the present circumstances.

The common law prohibition prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. Offices are incompatible if, among other reasons, one office exercises a supervisory, auditory, or removal power over the other. ( *People* ex rel. *Deputy Sheriffs' Assn.* v. *County of Santa Clara* (1996) 49 Cal.App.4th 1471, 1481.) As noted in *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 642:

". . . The inconsistency, which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power to remove the incumbent of the other or to audit the accounts of the other."

Prospective as well as present clashes of duties and loyalties give rise to the prohibition. Only one significant clash is required to make offices incompatible. The ability to abstain when a conflict is presented will not excuse the incompatibility or obviate the effects of the prohibition. A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. However, both positions must be offices. (82 Ops.Cal.Atty.Gen. 83, 83-84 (1999); 82 Ops.Cal.Atty.Gen. 68, 69 (1999); 82 Ops.Cal.Atty.Gen. 74, 75 (1999).)

The first issue to be resolved in considering application of the common law rule is to determine whether both positions are "offices." Here, with respect to the position of city administrator, we have no doubt that it constitutes a public office for purposes of the rule. In 22 Ops.Cal.Atty.Gen. 83, 86 (1953), we found the position of City Administrator of the City of San Carlos to be an office where:

". . . [t]he powers and duties set out in the ordinance give him among other things the responsibility to see that all laws and ordinances of the city are duly enforced . . . to control and give directions to all city officers and employees except [four] . . . and to keep the city council at all times fully advised as to the financial conditions and needs of the city beside recommending such measures and ordinances as he deems necessary or

expedient. . . ."

In 51 Ops.Cal.Atty.Gen. 183 (1968), we determined that the City Manager of the City of Laguna Beach held an office for purposes of the incompatible offices rule. We stated in part:

"Sections 34851-34855 of the Government Code permit a city council to establish a city manager from of government. Pursuant to this grant of authority, the city council of the city of Laguna Beach established a city manager form of government. Laguna Beach, Cal., Code § 2.08.080. A review of the section leaves no doubt that the position is an 'office.' 22 Ops. Cal. Atty. Gen. 83, 84-86 (1953)." (*Id.*, at p. 184.)

Most recently in 80 Ops.Cal.Atty.Gen. 74, 75-76 (1997), we declared with respect to the position of City Manager of the City of South San Francisco:

"We have . . . concluded that a city manager occupies a public office (51 Ops.Cal.Atty.Gen. 183, 184 (1968)), as does a city administrator (22 Ops.Cal.Atty.Gen. 83, 84-86 (1953)). (See also 68 Ops.Cal.Atty.Gen. 337, 344-346 (1985) [hospital district general manager holds a public office].) The city in question is a general law city with a city manager form of government. [Citation.] The powers and duties of the city manager are defined by ordinance. [Citation.] We have examined the city's municipal code and find that the city manager is the administrative head of the city's government, charged with the administration of all affairs of the city. The position of city manager clearly meets the tests of being a public office in that it is established by law, the tenure is permanent and continuing, and it is vested with the power to perform a public function for the public benefit and some of the sovereign powers of the state. [Citation.]" (Fn. omitted.)

Under Oroville's municipal code, the Oroville City Administrator is the chief administrative officer of the city, whose powers and duties include:

". . . direct[ing] and supervis[ing] the administration of all departments, offices and agencies of the city[;] . . . see[ing] that all laws, provisions of the Charter and acts of the council . . . are faithfully executed[;]. . . prepar[ing] and submit[ting] the annual budget and capital improvement program to the council[; and] keep[ing] the council fully advised as to the financial condition and future needs of the city and mak[ing] such recommendations to the council concerning the affairs of the city as he deems desirable." (Oroville City Code, art. III, § 2-37.)

Based upon an examination of the Oroville City Code and in keeping with our prior opinions, we find that the Oroville City Administrator holds a public office for purposes of the common law rule.

Turning, then, to the position of fire chief, we find that it also is a public office for purposes of the rule. In 66 Ops.Cal.Atty.Gen. 176, 178-179 (1983), we concluded that the fire chief of a county fire protection district formed under the Fire Protection District Law of 1961 held an office for purposes of the common law rule. In 76 Ops.Cal.Atty.Gen. 38, 42 (1993), we concluded that "[t]he circumstances indicating that a fire chief holds a public office appear no less probable under the Fire Protection District Law of 1987 than they were under the Fire Protection District Law of 1961."

With respect to the duties of the Oroville Fire Chief, section 1 of article XIX of the Oroville City Charter provides:

> "There shall be a fire chief who shall be appointed by the city council and hold office at the pleasure of the council. He shall be head of the fire department of the city, and shall have charge of and supervision over all matters relating to the prevention and extinction of fires, and of all measures necessary to guard and protect all property impaired thereby. During the time of a fire, he shall have supreme authority over the territory involved therein, and all persons in the immediate vicinity of the fire during such time, including policemen, shall be subject to his orders. The fire chief shall make rules and regulations for the government of the department, subject to the approval of the council."

Based upon an examination of the Oroville Charter and consistent with our prior opinions regarding the fire chiefs of county fire protection districts, we find that the Oroville Fire Chief holds a public office for purposes of the common law rule.

Next, we consider whether the two offices in question are "incompatible." Here, the city administrator would have supervisory and auditory powers over the fire chief. (See 76 Ops.Cal.Atty.Gen., *supra*, at 42-43.) In 81 Ops.Cal.Atty.Gen. 304, 308 (1998), we found the offices of city manager and city police chief to be incompatible on the grounds that:

> ". . . the city manager, if allowed to serve simultaneously as chief of police, would be authorized to control, order and give directions to himself, appoint and remove himself, prepare and submit his own budget to the city council, conduct investigations into the affairs of his own office, and investigate complaints in relation to matters concerning the administration of his own department. . . ."

Although the Oroville City Administrator does not serve as the appointing authority for the city, the conflicts of interest inherent in the two offices here are largely the same as those found in 81 Ops.Cal.Atty.Gen. 304, *supra*. In any event, as previously mentioned, only one significant clash of duties and loyalties is necessary to make offices incompatible. (82 Ops.Cal.Atty.Gen., *supra*, at 69; 80 Ops.Cal.Atty.Gen., *supra*, at 75.) We thus find that the offices of Oroville City Administrator and Oroville Fire Chief are incompatible offices under the common law rule.

Finally, we observe that the common law prohibition against holding incompatible public offices may be abrogated by the Legislature whenever it chooses. (*American Canyon Fire Protection Dist.* v. *County of Napa* (1983) 141 Cal.App.3d 100, 104; *McClain* v. *County of Alameda* (1962) 209 Cal.App.2d 73, 79; 81 Ops.Cal.Atty.Gen. 344, 345-346 (1998); 78 Ops.Cal.Atty.Gen. 60, 62-63; (1985).) We have also concluded that a charter city may abrogate the common law rule by appropriate legislation. (73 Ops.Cal.Atty.Gen. 357, 360-361 (1990); 66 Ops.Cal.Atty.Gen. 293, 296-297 (1983).) Here, no city charter provision or ordinance presently so provides.[1]

In answer to the question presented, therefore, we conclude that a person may not serve simultaneously as the Oroville City Administrator and Oroville Fire Chief unless a city charter provision or ordinance is adopted that abrogates the common law prohibition against holding incompatible public offices.

\* \* \* \* \*

---

[1] The current job description for the Oroville City Administrator includes the duties of the Oroville Fire Chief. A council vote to change a job description does not constitute "appropriate legislation" under controlling constitutional, statutory, and charter provisions. (See 73 Ops.Cal.Atty.Gen., *supra*, at 360-361; 66 Ops.Cal.Atty.Gen., *supra*, at 295-301.) Combining the two offices into one would be a different means of reaching the same result. Although section 1 of article VII of the Oroville City Charter authorizes the combining of any city offices by ordinance, no ordinance has been adopted that combines the offices of Oroville City Administrator and Oroville Fire Chief.